132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AIR LIQUIDE AMERICA CORPORATION, Plaintiff-Appellant,
v.
PROTECTION MUTUAL INSURANCE CO., Defendant-Appellee.
 No. 96-16661.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1997.
Decided Dec. 18, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-96-01438-CW; Claudia Wilken, District Judge, Presiding.
 Before: HUG, Chief Judge, WALLACE, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Air Liquide America Corporation ("Air Liquide") appeals the district court's summary judgment in favor of Protection Mutual Insurance Company ("Protection Mutual") in Air Liquide's diversity action alleging breach of an insurance contract and tortious breach of the implied covenant of good faith and fair dealing. The district court concluded that Air Liquide's business interruption losses [i.e., earnings and profits] were excluded from coverage under the idle periods exclusion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), and we affirm.
 
 I.
 Background
 
 3
 The facts are undisputed. In August 1994, Air Liquide, a Delaware corporation with its principal place of business in Texas, purchased an all-risk property damage insurance policy, (the "policy"), from Protection Mutual, an Illinois corporation with its principal place of business in Illinois. The policy insures against all risks not specifically excluded.
 
 
 4
 In addition to property-damage coverage, Air Liquide purchased extended coverage through a gross earnings endorsement which insured against. business interruption losses. The gross earnings endorsement provided in pertinent part that:
 
 
 5
 In consideration of additional premium, this Policy is extended to cover the Actual Loss Sustained by the Insured during a Period of Interruption directly resulting from physical loss or damage of the type insured against by this Policy, to property not otherwise excluded by this Policy, utilized by the Insured and located as described elsewhere in this Policy.
 
 
 6
 However, not all actual lasses sustained by the insured during a period of interruption are:recoverable under the gross earnings endorsement. According to the idle periods exclusion, the gross earnings endorsement does not cover:
 
 
 7
 any loss during any period in which goods would not have been produced, or business operations or services would not have been maintained, for any reason other than physical loss or damage of the type insured against to which this Endorsement applies.
 
 
 8
 On December 13, 1994, an explosion occurred at a chemical plant owned by Terra Industries (the "Terra plant") which is adjacent to an Air Liquide facility (the "Cardox facility") in Sergeant Bluff, Iowa. The explosion caused extensive property damage to the Cardox facility. The Cardox facility did not resume operations until January 1996.
 
 
 9
 Although Protection Mutual. agreed to pay for the property damage to the Cardox facility, Protection Mutual denied Air Liquide's claim for business interruption losses during the period in which the Cardox facility was inoperational.
 
 
 10
 Air Liquide subsequently brought an action in state court alleging, breach of the insurance contract and tortious breach of the implied covenant of good faith and fair dealing. Protection Mutual removed the case to federal court pursuant to 28 U.S.C. § 1441(b).
 
 
 11
 On counter motions for summary judgment, the district court granted Protection Mutual's motion and denied Air Liquide's motion. The district court concluded that although Air Liquide's business interruption losses were covered under the gross earnings endorsement of the policy, Air Liquide's claim was subject to the idle periods exclusion because damage to Air Liquide's supplier (the Terra plant) was a cause of Air Liquide's business interruption losses. The district court, therefore, entered judgment in favor of Protection Mutual on April 9, 1996, and Air Liquide timely appeals.
 
 II
 Analysis
 
 12
 Air Liquide contends that the district court erred by concluding that Air Liquide's business interruption losses were subject to the idle periods exclusion. Specifically, Air Liquide argues that the policy does not prevent recovery simply because Air Liquide's supply was interrupted by damage to the Terra plant. According to Air Liquide, because the policy language does not specify what property must be damaged in order to recover business interruption losses but rather only requires loss or damage of the type insured against here, i.e., an explosion, Air Liquide is entitled to recovery under the policy.[1] We disagree.
 
 
 13
 "The construction and interpretation of an insurance policy is a question of law for the court to decide."[2] Morgan v. American Fam. Mut. Ins. Co., 534 N.W.2d 92, 99 (Iowa 1995); Castro v. Fireman's Fund Am. Life Ins. Co., 253 Cal.Rptr. 833, 835 (Cal.Ct.App.1988). The court must "interpret contractual language in a manner which gives force and effect to every clause rather than to one which renders clauses nugatory." Titan Corp. v. Aetna Cas. and Sur. Co., 27 Cal.Rptr.2d 476, 485 (Cal.Ct.App.1994); see also Union Oil Co. v. International Ins. Co., 44 Cal.Rptr.2d 4, 8 (Cal.Ct.App.1995).
 
 
 14
 Here, it is undisputed that the explosion at the Terra plant caused extensive property damage to Air Liquide's Cardox facility and that the damage done to the Cardox facility is covered under the policy. The only question is whether Air Liquide's losses, incurred as a result of the interruption in its business, are also recoverable under the policy.
 
 
 15
 We agree with the district court that Air Liquide's business interruption losses were not recoverable under the policy because such losses were subject to the idle periods exclusion. As the district court observed, Air Liquide's interpretation that the exclusion does not bar recovery where there is damage to a supplier so long as the supplier's damage is of the same type as that covered for the insured party is only convincing if the phrase "to which this Endorsement applies" is ignored. Such an interpretation, however, is impermissible because it renders that phrase "a dead appendage to the policy."[3] See Union Oil Co., 44 Cal.Rptr.2d at 8.
 
 
 16
 Air Liquide argues that the phrase "to which this Endorsement applies" modifies "any loss" rather than "physical loss or damage of the type insured against." This argument also fails because "qualifying words and phrases ordinarily refer only to the immediately preceding antecedent." See Cairns v. Grinnell Mut. Reins. Co., 398 N.W.2d 821., 824 (Iowa 1987).
 
 
 17
 In addition, the Contingent Time Element Endorsement, which Air Liquide did not purchase for its Cardox facility, provides the very coverage sought here by Air Liquide. To adopt Air Liquide's interpretation would be to construe the policy in a way that creates a redundancy. Accordingly, the district court did not err by granting summary judgment for Protection Mutual on Air Liquide's breach of contract claim.
 
 
 18
 Because Protection Mutual did not breach the insurance contract, the district court did not err by granting summary judgment on Air Liquide's bad faith claim.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Thus, according to Air Liquide, "[the] exclusion contemplates the 'idle period' being something other than the result of the very same accident that caused the shutdown of the covered facility." Air Liquide asserts that weekends, holidays, and regularly scheduled shutdowns for maintenance, are examples of "idle periods."
 
 
 [2]
 Although the district court concluded that Iowa law applied under California choice of law rules, the district court cited both Iowa and California cases. Because the law of the jurisdictions is substantially similar and because the parties do not dispute this approach, we adopt it as our own
 
 
 [3]
 For the same reason, coverage is not available under the Extra Expense endorsement